# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| JOHN R. KIELTY, | ) ) ) | |
| Plaintiff, | ) ) | 2:15-cv-00230-RCJ-GWF |
| vs. | ) ) | |
| FEDERAL HOME LOAN MORTGAGE CORP. et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This case arises out of a homeowners' association ("HOA") foreclosure sale.  Pending before the Court are a Motion to Consolidate (ECF No. 35).  For the reasons given herein, the Court denies the motion.

## I.      FACTS AND PROCEDURAL HISTORY

On or about January 3, 2004, Defendant Joel Edralin gave a non-party lender a promissory note for $145,400 (the "Note") to purchase real property at 2181 Hussium Street, Unit 108, Las Vegas, Nevada, 89108 (the "Property"), secured by a deed of trust (the "DOT") that was later recorded on or about January 6, 2005. (Compl. ¶¶ 2, 5, 9, 13–14), ECF No. 1, at 10).  When Edralin defaulted on assessment payments to the non-party HOA, the HOA foreclosed through its agents, selling the Property at public auction on June 14, 2013 to Plaintiff John Kielty. (*Id.* ¶¶ 18–25).  Edralin had also defaulted on the Note. (*Id.* ¶ 33).  The Note and/or

DOT were transferred both before and after the HOA foreclosure sale, and on or about July 31, 2014, Defendant American Trustee Servicing Solutions, LLC ("ATSS") recorded a notice of default and election to sell (the "NOD") as to the Property on behalf of the current holder. (*Id.* ¶¶ 32–40).

Plaintiff filed the present quiet title action in state court against the Federal Home Loan Mortgage Corp. ("Freddie Mac"), Nationstar Mortgage, Inc. ("Nationstar"), ATSS, and Edralin. Freddie Mac removed.  Freddie Mac and Nationstar jointly answered, and Freddie Mac included a counterclaim for quiet title and a third-party claim against Rancho Lake Condominiums Unit-Owners Association (the "Association") for wrongful foreclosure, as well as a counterclaim and third-party claim against Kielty and the Association as to the preemption of NRS 116.3116 by 12 U.S.C. § 4617(j)(3).  Kielty and the Association separately answered the Counterclaim and Third-Party Complaint, and the Court permitted the Federal Housing Finance Agency ("FHFA") to intervene as conservator for Freddie Mac.

## II.    DISCUSSION

Freddie Mac and the FHFA have now asked the Court to consolidate the present case with Case No. 2:15-cv-1338 (the "Class Action") brought by Freddie Mac, the Federal National Mortgage Association ("Fannie Mae"), and the FHFA, currently pending before Chief Judge Navarro.  The Class Action seeks declaratory judgment as to the preemption of NRS 116.3116 by 12 U.S.C. § 4617(j)(3) against a proposed defendant class comprising all record owners of Nevada properties as to which HOA foreclosure sales had been or will be completed after September 17, 2009 and as to which unsatisfied liens by Fannie Mae or Freddie Mac had attached by the date of the applicable HOA foreclosure sale.

The Court denies the motion at this time, without prejudice.  Chief Judge Navarro has not yet ruled on the pending motion for certification in the Class Action.  As it stands, briefing on that motion will not be complete until early December, and briefing on a motion to dismiss also filed in the Class Action will not be complete until late December.  Furthermore, if the class allegations are not dismissed and the class is certified there may be complex issues of claim splitting to address if Counterdefendant is a member of the defendant class in the Class Action.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Consolidate (ECF No. 35) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge