# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN R. KIELTY,

    Plaintiff,

vs.

FEDERAL HOME LOAN MORTGAGE CORP. et al.,

    Defendants.

2:15-cv-00230-RCJ-GWF

**ORDER**

This case arises out of a condominium unit owners' association foreclosure sale and the attempts of the holders of a first deed of trust to foreclose against the same unit thereafter. Pending before the Court are three motions for summary judgment and a motion to reconsider.

## I. FACTS AND PROCEDURAL HISTORY

In 2004, Joel B. Edralin purchased real property at 2181 Hussium St., Unit 108, Las Vegas, Nevada, 89108 ("the Property"), giving a $145,400 promissory note ("the Note") and deed of trust ("the DOT") to Charter Funding ("Charter"). (*See* Compl. ¶¶ 2, 6, 13–14, ECF No. 1, at 10). A declaration of covenants, conditions, and restrictions ("the CC&R") was recorded by Counterdefendant Rancho Lake Condominiums Unit-Owners Association ("the CUOA") before the DOT. (*See id.* ¶¶ 9–10). Edralin failed to pay unit assessments under the CC&R, and the CUOA recorded a notice of assessment lien on December 20, 2011, a notice of default and

election to sell on February 13, 2012, and a notice of foreclosure sale on May 20, 2013, selling the Property to John R. Kielty at auction on June 14, 2013 for an amount not specified in the Complaint. (*See id.* ¶¶ 18–24).

In the meantime, Edralin had also defaulted on the Note. (*Id.* ¶ 33). On or about December 2, 2011, Mortgage Electronic Registration Systems, Inc. recorded an assignment of its interest in the DOT to Bank of America, N.A. ("BOA"). (*Id.* ¶ 34). Another assignment was recorded on March 20, 2013, transferring BOA's interest to Nationstar Mortgage LLC ("Nationstar"). (*Id.* ¶ 35). On or about July 26, 2014 (after the CUOA sale), another assignment was recorded transferring Nationstar's interest to Federal Home Loan Mortgage Corp. ("Freddie Mac"). (*Id.* ¶ 37). On or about July 31, 2014, American Trustee Servicing Solutions, LLC ("ATSS") recorded a notice of default against the Property based on Edralin's default on the Note, purporting to act on behalf of Nationstar, although Nationstar had transferred its interest to Freddie Mac. (*Id.* ¶¶ 40–41).

Kielty sued Freddie Mac, Nationstar, ATSS, and Edralin in state court to quiet title to the Property in his favor and enjoin any foreclosure based on the DOT, which Kielty argues was extinguished by the CUOA sale. Freddie Mac removed. Freddie Mac and Nationstar jointly answered and pleaded counterclaims for quiet title against Kielty, wrongful foreclosure against the CUOA, and declaratory and injunctive relief. Kielty answered the Counterclaim. The Court granted the Federal Housing Finance Agency's ("FHFA") motion to intervene as a Defendant. The CUOA answered the Counterclaim. Neither ATSS nor Edralin have appeared. Kielty moved for offensive summary judgment on his claims, Freddie Mac and Nationstar moved for offensive summary judgment on their counterclaims, and the CUOA moved for defensive summary judgment against those counterclaims. The Court ruled:

> The CUOA sale of June 14, 2013 was not preempted by 12 U.S.C. § 4617(j)(3), and the CUOA did not act in bad faith under NRS 116.1113. The Court grants summary judgment to Plaintiff and Counterdefendant and denies it to Defendants on these points. The Court also grants summary judgment to Plaintiff and Counterdefendant and denies it to Defendants as to Defendants' counterclaim that Defendants' predecessor-in-interest did not receive constitutionally sufficient notice of the CUOA sale. As to Plaintiff's claim that Defendants' predecessor-in-interest received sufficient notice of the CUOA sale and as to whether the CUOA sale may be equitably avoided or the deed of trust equitably revived due to a grossly inadequate sales price and fraud, unfairness, or oppression, those issues must be tried.

(Order, 11:3–12, ECF No. 67). Notably, the Court ruled that the foreclosure under Chapter 116 did not itself implicate the Due Process Clause of the Fourteenth Amendment, because there had been no state action.

Defendants have asked the Court to reconsider and grant them summary judgment on the due process issue in light of the Court of Appeals' intervening contrary ruling in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) (ruling that Chapter 116's opt-in notice scheme is facially unconstitutional under the Due Process Clause of the Fourteenth Amendment). Defendants have separately moved for summary judgment on the issues of tender, commercial unreasonableness, oppression, and the retroactivity of *SFR Investments Pool I v. U.S. Bank*, 334 P.3d 408 (Nev. 2014). Plaintiff has also moved for summary judgment.

## II. DISCUSSION

### A. Due Process

The Court will reconsider the grant of offensive summary judgment to Plaintiff under the Due Process Clause because of *Bourne Valley* and will not grant summary judgment to either side on the issue at this time. Plaintiff has adduced evidence that Nationstar received a copy of the notice of sale via certified mail on May 21, 2013, after it obtained the Note and DOT and before the sale. (*See* Pl.'s Mot. Summ. J. Ex. 11, ECF No. 85-11, at 8 (stamped receipt)). This is

some evidence of sufficient notice, but it is not enough to eliminate all material questions of fact as to the notice issue. The fact of a stamped receipt for some piece of mail does not prove what the piece of mail was. The Court will leave this issue to a jury. That is, it would leave the issue to a jury if the present case could not be summarily adjudicated on other grounds. Because it can be, *see infra*, the Court declines to rule on the issue at this time.

### B. Commercial Reasonableness and Oppression Under *Levers* and *Shadow Wood*, Respectively

As it has done in other cases where a property is sold at auction for a small fraction of an outstanding loan (here 15%), the Court will leave these issues to a jury. *See, e.g.*, *U.S. Bank v. Countryside Homeowners Ass'n*, No. 2:15-cv-1463, 2016 WL 3638112, at *6 (D. Nev. July 7, 2016) (Jones, J.). That is, it would leave the issues to a jury if the present case could not be summarily adjudicated on other grounds. Because it can be, *see infra*, the Court declines to rule on these issues at this time.

### C. Retroactivity of *SFR Investments Pool I*

The Court will not grant summary judgment on this issue while it is pending decision by the Nevada Supreme Court pursuant to this Court's certification.

### D. Tender

The evidence is uncontroverted that BOA tendered a check to NAS in the amount of $2,919.49 to protect its interest in the DOT against the Property on April 2, 2012, (Check, ECF No. 84-6), that NAS received the check and cashed it, forwarding $1,391.59 to the CUOA, (Yergensen Dep. 45–47, ECF No. 84-7; Disbursement, ECF No. 84-9; Ledger, ECF No. 84-10), and that the check (and the amount forwarded) was for more than the maximum amount possibly owed for the superpriority portion of the lien, i.e., $1,188 for nine months at $132 per month, (Yergensen Dep. 48–49; Bergerson Dep. 27–29, ECF No. 84-8). No party has adduced contrary

evidence.  For reasons given in other cases, the Court therefore grants summary judgment in favor of Defendants.  *See, e.g.*, *US Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:15-cv-241, 2016 WL 4473427, at *6–8 & nn.2–3 (D. Nev. Aug. 24, 2016) (Jones, J.).  Nor is Plaintiff a bona fide purchaser for value.  *See, e.g.*, *id.* at *9–10 & nn.4–5.

Plaintiff argues that BOA should have known that its tender of the full lien amount as of February 2012 in April 2012 would not necessarily satisfy the full amount due as of April 2012.  That fact may be important in a case where a homeowner challenges a foreclosure as altogether wrongful under a common law wrongful foreclosure claim.  But Defendants do not challenge the foreclosure as altogether improper.  They argue that BOA's tender of the full superpriority amount (plus some additional amount) caused the DOT to survive the resulting foreclosure on the subpriority piece of the CUOA's lien.  The Court agrees.  If anything, NAS may have violated its fiduciary duty to the CUOA by rejecting the tender.  The purpose of the superpriority rule is to encourage first deed of trust holders—on pain of losing their security interest—to tender the superpriority amount prior to sale, so that an association will receive at least that amount as early as possible.  BOA was precisely so encouraged here.  Indeed, out of an abundance of caution, BOA in this case attempted to tender the full amount of the lien, a majority of which it was not even liable to pay.  Yet NAS rejected the tender, depriving the CUOA of the early recovery of the superpriority amount that the statute was designed to ensure.

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 82) is GRANTED.

IT IS FURTHER ORDERED that the Motions for Summary Judgment (ECF Nos. 81, 85) are DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 84) is GRANTED.

IT IS FURTHER ORDERED that Defendants shall SUBMIT a proposed form of judgment, or a notice explaining what remains to be litigated in this case, within fourteen (14) days.

IT IS SO ORDERED.

DATED: This 24th day of May, 2017.

_____
ROBERT C. JONES
United States District Judge